**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BROCK LUNSTRUM, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-05659-ALC |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| CENTENE CORPORATION, SARAH M. LONDON, and ANDREW LYNN ASHER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MICHAEL LEHIANI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND.................................................................................................. 2

ARGUMENT .......................................................................................................................... 3

    A.    Mr. Lehiani Is The Most Adequate Plaintiff....................................................... 4

        1.    Mr. Lehiani Believes He Has The Largest Financial Interest In The Relief Sought By The Class..................................................................................4

        2.    Mr. Lehiani Otherwise Satisfies The Requirements Of Rule 23 .............................5

    B.    Mr. Lehiani Selected Well-Qualified Lead Counsel To Represent The Class ................ 7

CONCLUSION......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Atwood v. Intercept Pharms., Inc.*,
    299 F.R.D. 414 (S.D.N.Y. 2014) ........................................................................................ 5

*Chilton v. Chiumento Grp.*,
    365 F. App'x 298 (2d Cir. 2010) ........................................................................................ 4

*Lax v. First Merchs. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ....................................................................... 4

*Li v. Spirit AeroSystems Holdings, Inc.*,
    2023 WL 6938285 (S.D.N.Y. Oct. 20, 2023) ................................................................. 5, 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ...................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................... 1, 4, 5, 7

15 U.S.C. § 78j(b) ..................................................................................................................... 1

15 U.S.C. § 78t(a) ..................................................................................................................... 1

17 C.F.R. § 240.10b-5 ............................................................................................................... 1

**Regulations**

Fed. R. Civ. P. 23 .............................................................................................................. 1, 2, 5

Michael Lehiani respectfully submits this memorandum of law in support of his motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of his selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the putative Class; and (3) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above captioned securities class action alleges Centene Corporation ("Centene" or the "Company"), and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  Specifically, the action alleges that from December 12, 2024 through June 30, 2025, inclusive (the "Class Period"), Centene misrepresented the growth in its enrollment rates as well as the purported strong retention rates in the Company's Medicare business.[1]

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Mr. Lehiani is the "most adequate

---

[1] While the complaint ends the Class Period on June 30, 2025, the allegations indicate that the appropriate end date should be the close of trading on July 1, 2025.  This is because the corrective disclosure alleged in the complaint occurred after the market closed on July 1, causing the price of Centene stock to decline from the closing price of $56.65 per share on July 1, 2025, to $33.78 per share on July 2, 2025.  *See* ECF No. 1 ¶32.

plaintiff" by virtue of, among other things, the approximately $661,000 in losses that he incurred on his investments in Centene securities during the Class Period.  Mr. Lehiani also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class.  Indeed, Mr. Lehiani is an experienced investor who fully understands the Lead Plaintiff's obligations to the Class under the PSLRA.  He is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

Further, Mr. Lehiani has selected BFA, a law firm with substantial experience successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.  Accordingly, Mr. Lehiani respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## FACTUAL BACKGROUND

Centene is a healthcare enterprise company that provides services related to government-sponsored and commercial healthcare programs, focusing on underinsured and uninsured individuals.[2] ¶19.  This includes providing services to Medicaid and Medicare members (including Medicare Prescription Drug Plans) as well as individuals and families served by the Health Insurance Marketplace.  *Id.*

This case concerns Defendants' misrepresentations about the Company's growth in enrollment rates as well as the purported strong retention rates in Centene's Medicare business. ¶2.  On December 12, 2024, Defendant Asher stated that the Company issued 2025 adjusted EPS guidance of greater than $7.25 based on Centene's "[s]tability in earnings power in the face of unprecedented headwinds," which provided "a solid jump off point for 2025[.]" ¶22.  On February

---

[2] All citations to ¶__ refer to the complaint filed in this matter.  *See* ECF No. 1.

4, 2025, Centene increased its previously issued guidance based on "better-than-expected results during the Medicare annual enrollment period and a program expansion in Medicaid." ¶24. The Company also reiterated its 2025 GAAP diluted EPS guidance floor of greater than $6.19 and its 2025 adjusted diluted EPS guidance floor of greater than $7.25. ¶23.

On April 25, 2025, Centene again raised guidance for fiscal year 2025 because its Medicare Advantage and Prescription Drug Plans "both outperformed on membership" and the Company "retained more membership than expected during the Medicare Advantage open enrollment period[.]" ¶28. Centene again reiterated its 2025 GAAP diluted EPS guidance floor of greater than $6.19 and its 2025 adjusted diluted EPS guidance floor of greater than $7.25. ¶27.

As alleged, these statements were materially false and misleading. In truth, the vast majority of the market that Centene serves was experiencing lower than expected growth and increased morbidity rates. ¶31. Investors began to learn the truth on July 1, 2025, when Centene issued a press release withdrawing its previous 2025 GAAP and adjusted diluted EPS guidance. *Id.* Particularly, following an analysis of the 2025 Health Insurance Marketplace, Centene's overall market growth across 22 states, or 72% of the Company's marketplace membership, was lower than expected. ¶¶4, 31. The Company stated that this preliminary analysis resulted in a reduction of its previously issued guidance to approximately $1.8 billion or an adjusted diluted EPS of $2.75. *Id.* On this news, Centene's stock price declined 40.4%, from a closing market price of $56.65 per share on July 1, 2025, to $33.78 per share on July 2, 2025. ¶32.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days after publication of notice of the pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(II). On July 9, 2025, Plaintiff Brock Lunstrum filed the action and, on the same day,

3

his counsel published notice of the pendency of the action on *GlobeNewswire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by September 8, 2025. *See* Bleichmar Decl. Ex. B. As such, Mr. Lehiani's motion is timely.

**A.    Mr. Lehiani Is The Most Adequate Plaintiff**

Mr. Lehiani respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

**1.    Mr. Lehiani Believes He Has The Largest Financial Interest In The Relief Sought By The Class**

Mr. Lehiani believes that he has the "largest financial interest in the relief sought by the class" and thus should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Mr. Lehiani incurred a loss of approximately $661,000 on his investments in Centene securities during the Class Period.[3]

To the best of Mr. Lehiani's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, Mr. Lehiani believes

---

[3] In addition to losses, courts often consider various other metrics, including what are typically referred to as "Lax factors," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest). Mr. Lehiani's PSLRA certification and loss calculation provide the necessary trading information to calculate his financial interest under all possible metrics, including recoverable losses, and does not presuppose that there is only one valid methodology. *See Bleichmar* Decl. Exs. C-D.

4

that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2. Mr. Lehiani Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Lehiani otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "'[A]t this stage of the litigation, the movant must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 416 (S.D.N.Y. 2014) (citations omitted). Here, Mr. Lehiani unquestionably satisfies both requirements.

Mr. Lehiani's claims are typical of the claims of other investors in Centene securities. The typicality threshold is satisfied because Mr. Lehiani's "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (citation omitted). Here, Mr. Lehiani's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Mr. Lehiani: (1) purchased Centene securities during the Class Period; (2) purchased at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See id.* As such, Mr. Lehiani is a typical Class representative.

Mr. Lehiani likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied where: (1) there is no conflict between the proposed lead plaintiff and the members of the class; (2) the proposed lead plaintiff has a sufficient

5

interest in the outcome of the case to ensure vigorous advocacy; and (3) class counsel is qualified, experienced, and generally able to conduct the litigation. *See Li*, 2023 WL 6938285, at *3 (adequacy satisfied where movant "has certified that he is willing to fulfill the duties of lead plaintiff," "has retained counsel with significant experience in securities fraud cases," and "there is, as yet, no indication that [movant] has any interests that are antagonistic to those of the class."). Mr. Lehiani satisfies these elements because his substantial financial stake in the litigation provides him with the incentive to vigorously represent the Class's claims and oversee counsel. Further, Mr. Lehiani's interests are aligned with those of other putative class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Lehiani and the other putative Class members.

Indeed, Mr. Lehiani is committed to discharging his obligations as Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and submitted a sworn declaration as to his willingness and ability to fulfill those duties. *See* Bleichmar Decl. Ex. A. What's more, Mr. Lehiani's Declaration provides the Court with additional information supporting his bona fides, including explaining who he is, that he is an experienced investor with approximately 15 years of investing experience, and given his substantial financial interest in the litigation, that he intends to continue to actively oversee counsel, confer with counsel regarding litigation strategy, attend important court proceedings, hearings, depositions and mediations, and review and authorize the filing of important litigation documents. *See id.* ¶¶2–8.

Finally, Mr. Lehiani has demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class actions and has repeatedly demonstrated an ability to conduct complex securities actions effectively.

6

**B.      Mr. Lehiani Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country.  BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades.  *See* Bleichmar Decl. Ex. E.  For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.).  BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.).  Previously, in this District, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.).  BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For the reasons discussed above, Mr. Lehiani respectfully requests that the Court:  (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel for the putative Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: September 8, 2025

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

  */s/ Javier Bleichmar*
Javier Bleichmar
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

-and-

Ross Shikowitz
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

-and-

Adam C. McCall (*pro hac vice* forthcoming)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Proposed Lead Plaintiff Michael Lehiani, and Proposed Lead Counsel for the Putative Class*

8

9

## CERTIFICATION OF WORD-COUNT COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c). The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 2,277 according to the word-processing system used to prepare the document.


Dated: September 8, 2025                    _/s/ Javier Bleichmar_____
                                                              Javier Bleichmar