UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROCK LUNSTRUM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, SARAH M. LONDON, and ANDREW LYNN ASHER,<br><br>Defendants. | Case No. 1:25-cv-05659-ALC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF MICHAEL LEHIANI FOR APPOINTMENT AS LEAD PLAINTIFF**

**ARGUMENT**

Michael Lehiani respectfully submits this memorandum of law in further support of his unopposed motion to be appointed Lead Plaintiff and for approval of his selection of BFA as Lead Counsel for the Class. *See* ECF No. 25.[1]

**A.  Mr. Lehiani Is Entitled To Lead Plaintiff Appointment**

Mr. Lehiani is the presumptive Lead Plaintiff in this action. He is the only Class member currently seeking Lead Plaintiff status, and, with losses of approximately $661,000 from his transactions in Centene securities, has the largest financial interest in the outcome of the litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); ECF No. 26 at 7; *see also Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021) ("[C]ourts have consistently held that . . . the magnitude of the loss suffered, is [the] most significant [factor]" in "determining which plaintiff has the largest financial stake in the litigation").

As shown in the chart below, Mr. Lehiani's loss is approximately ***six times greater*** than that of all other movants ***combined***. What's more, Mr. Lehiani asserts, by far, the largest financial interest when considering each of the so-called "*Lax*" factors" that courts in this District apply to measure financial interest: (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered. *Crass*, 2021 WL 5181008, at *5. Recognizing Mr. Lehiani's superior financial interest, every other movant that sought leadership status withdrew their motion or does not oppose Mr. Lehiani's appointment.[2]

---

[1] All capitalized terms are defined in Mr. Lehiani's initial brief, unless otherwise indicated. *See* ECF No. 26. All references to "ECF No." are to the docket in this case, unless otherwise indicated.

[2] On September 10, 2025, Ketan Gandhi filed a notice of withdrawal of his motion for lead plaintiff appointment. ECF No. 32. On September 11, 2025, Mohammad Ali Ahmadi filed a notice of non-opposition recognizing that he "does not possess 'the largest financial interest'" in the action. ECF No. 33 at 2. And, on September 18, 2025, Trevor Nielson filed a notice of non-opposition

| Movant | Total Shares Purchased | Net Shares Purchased | Net Expenditures | Claimed Loss |
|---|---|---|---|---|
| Michael Lehiani | 25,600 | 25,600 | $1,395,397 | $660,749 |
| ~~Mohammad Ali Ahmadi~~ | ~~3,000~~ | ~~3,000~~ | ~~$178,200~~ | ~~$90,501.70~~ |
| ~~Trevor Nielson~~ | ~~503~~ | ~~503~~ | ~~$27,545~~ | ~~$12,841~~ |
| ~~Ketan Gandhi~~ | ~~281~~ | ~~281~~ | ~~$15,002.66~~ | ~~$6,786.22~~ |

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Lehiani also satisfies the typicality and adequacy requirements of Rule 23 because his claims are typical of other Class members' claims and because he will fairly and adequately represent the interests of all Class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Husson v. Garrett Motion Inc.*, 2021 WL 211541, *3 (S.D.N.Y. Jan. 21, 2021) (citation omitted).

Here, Mr. Lehiani and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Mr. Lehiani: (1) purchased Centene securities during the Class Period; (2) purchased at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See id*. (typicality met when movant "appear[s] to seek the same relief and advance the same legal theories as other class members"). As such, Mr. Lehiani is a typical Class representative.

Mr. Lehiani likewise satisfies the adequacy requirement of Rule 23. "Adequacy means that there should be no conflict between the interests of the class and the named plaintiff nor should

---

recognizing that he "does not have 'the largest financial interest' in this litigation within the meaning of the PSLRA." ECF No. 35 at 2.

there be collusion among the litigants, the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* (internal quotations omitted). Mr. Lehiani satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims. *Id.* What's more, Mr. Lehiani is an experienced investor with approximately 15 years of investing experience and, as directeur général of LPB – La Parisienne de Baguette, an industrial scale producer of artisanal-quality bread and baguettes, has considerable supervisory experience. *See* ECF No. 27-1 ¶2.

Further, Mr. Lehiani's interests are squarely aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Lehiani and other Class members, and there is no collusion among the litigants. *See Husson*, 2021 WL 211541, at *3 (adequacy found when "[t]here is nothing in the record that suggests the [movant has] conflicts with other class members").

Mr. Lehiani has also demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action, a highly qualified and experienced law firm in the area of securities class actions.

No movant has submitted any facts, let alone the "proof" the PSLRA requires, sufficient to rebut the presumption entitling Mr. Lehiani to Lead Plaintiff appointment. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B.      Mr. Lehiani Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The

3

Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Lehiani's choice of counsel, BFA, is among the foremost securities law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* ECF No. 27-5. For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). Previously, in this District, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the reasons discussed above, Mr. Lehiani respectfully requests that the Court grant his unopposed motion: (1) to be appointed Lead Plaintiff; (2) for approval of his selection of BFA as Lead Counsel for the putative Class; and (3) for any such further relief as the Court may deem just and proper.

Dated: September 22, 2025                                    Respectfully submitted,

4

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

-and-

Ross Shikowitz
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

-and-

Adam C. McCall (*pro hac vice* pending)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Proposed Lead Plaintiff Michael Lehiani, and Proposed Lead Counsel for the Putative Class*

## CERTIFICATION OF WORD-COUNT COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c).  The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 1,221 according to the word-processing system used to prepare the document.


Dated: September 22, 2025               /s/ Javier Bleichmar
                                        Javier Bleichmar